# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0148
LT Case No. 2019-CA-019595

_____

STEAK 'N SHAKE, INC.,

    Appellant,

    v.

AMBER NICOLE SPEARS and ERIC
SPEARS,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Brevard County.
Dale Curt Jacobus, Judge.

Michael M. Brownlee and Stacy Ford, of Brownlee Law Firm,
P.A., and Terry E. Leach, of Walker, Revels, Greninger, PLLC,
Orlando, for Appellant.

John N. Hamilton and Maddison Cacciatore-Straus, of Nance
Cacciatore, Melbourne, for Appellees.


June 13, 2025


MAKAR, J.

    Florida's statutory workers compensation system strikes a
bargain: employers provide workers with medical, wage and death
benefits for workplace injuries and, in return, they receive broad

immunity from civil tort suits. By statute, the scope of liability for workplace injuries is "exclusive" and displaces all other forms of employer liability, excepting only intentional torts and an employer's failure to secure workers compensation coverage. *See* § 440.11(1), Fla. Stat. (2025) (under the section entitled "Exclusiveness of liability").

In this case, Amber Nicole Spears, a Steak 'N Shake server, experienced severe emotional distress after a workplace robbery during which she was held at gunpoint and forced into a backroom where the gunman repeatedly threatened to kill her. The perpetrator grabbed her by the shoulder and neck during the encounter. No dispute exists that Amber was an employee of Steak 'N Shake and that the robbery occurred in the workplace while she was within the course and scope of employment.

Amber, however, did not pursue workers compensation benefits by filing a petition with her employer, Steak 'N Shake. Instead, she filed a civil tort case directly in circuit court without first seeking a determination of whether her injuries were compensable by the employer. In response, Steak 'N Shake claimed that it was entitled to workers compensation immunity because Amber had not made a request for benefits, and thereby not taken the first step in the process to determine whether her injuries were compensable.

The trial court rejected this argument, accepting Amber's position that because she suffered no physical injuries, and sought only damages for mental distress in her civil suit, that her tort claim was outside the statutory workers compensation framework, which states:

> A mental or nervous injury due to stress, fright, or excitement only is not an injury by accident arising out of the employment. Nothing in this section shall be construed to allow for the payment of benefits under this chapter for mental or nervous injuries *without an accompanying physical injury requiring medical treatment.* A physical injury resulting from mental or nervous injuries unaccompanied by physical trauma requiring medical treatment shall not be compensable

2

under this chapter.

§ 440.093(1), Fla. Stat. (emphasis added). Relying on the emphasized language, the trial court determined that Amber suffered no "physical injury requiring medical attention" such that she was "never entitled to workers compensation benefits" and could file a tort claim directly in circuit court. This appeal ensued.

We hold that an employee may not file a tort claim against her employer in circuit court without first seeking a determination of whether she is entitled to workers compensation benefits. This issue has not been addressed in Florida, including by the First District, which has exclusive jurisdiction over most workers compensation cases. We conclude that the structure and language of the workers compensation statutes require that a determination of compensability must first be made before resorting to tort lawsuits.

In the workers compensation system, the compensability question is determined in only two ways based on the statutory definition that states:

"Compensable" means a determination *by a carrier or judge of compensation claims* that a condition suffered by an employee results from an injury arising out of and in the course of employment.

*Id.* § 440.13(1)(d) (emphasis added). The italicized language highlights that only a workers compensation carrier or a judge of compensation claims has the authority to determine compensability; a Florida circuit judge is not listed and thereby does not have this authority. If the Legislature intended to allow circuit judges to have this power, it could have included them in this statutory definition; but it chose to not do so.

Instead, it made it incumbent on carriers and compensation claims judges to decide the matter, which makes sense for the integrity of the workers compensation claims system, which is the exclusive avenue for workplace injuries with limited exceptions. The statute is clear:

The liability of an employer . . . shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except as follows: [listing two exceptions]

*Id*. § 440.11(1). Claimants must first seek remedial relief within the workers compensation system, rather than filing a civil tort claim in a Florida court. Claimants may not unilaterally determine that their claims are not compensable in the workers compensation system and sue their employers; the whole point of the workers compensation system is to avoid piecemeal litigation in state courts and, instead, have one unified compensation system.

In addition, the facts in each case vary and must be evaluated within the workers compensation framework to make a compensability determination. Here, the claimant, Amber, was subject to an armed robbery in the workplace during which she was physically touched by the robber and held at gunpoint. She is entitled to compensation under workers compensation law for mental or nervous injuries if they were accompanied by a "physical injury requiring medical treatment." *Id*. § 440.093(1). She did not, however, submit a claim, such that neither the carrier nor a judge of compensation claims made a compensability determination, thereby leapfrogging the statutory framework.

In this tort case, she asserts that she had no physical injury that required medical treatment. But these are factual matters about compensability that the workers compensation laws require to be reviewed by a carrier or judge of compensation claims, not unilaterally decided by a claimant. It is a matter of due process as well because carriers are statutorily required to receive and evaluate claims in the first instance; going directly to a Florida circuit court without allowing carriers to perform their statutory role is not what the workers compensation laws envisioned.

4

Accordingly, the order of the trial judge, which determined that the claimant was not entitled to workers compensation benefits, is vacated, and the case is remanded to determine whether any claim for benefits has been filed with the carrier in the interim; if not, the carrier is entitled to entry of an order dismissing the case.

ORDER VACATED; REMANDED with Instructions.

WALLIS and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____